**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Ray Dempsey,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>    Defendant. | No. CV 05-3077-PHX-SMM (ECV)<br><br>**ORDER** |

Plaintiff Jack Ray Dempsey filed a *pro se* Civil Rights Complaint by a Prisoner (Doc. #1) pursuant to 28 U.S.C. § 1983 on October 4, 2005, while incarcerated at the Maricopa County Fourth Avenue Jail. The Court screened the complaint in an Order (Doc. #3) filed on March 24, 2006. In the screening order, the Court ordered Plaintiff to complete and return a service packet within 20 days, after which the U.S. Marshal Service would notify the defendant and effect service. Plaintiff was further directed to immediately advise the Court of any change of address and its effective date. Also in the screening order, Plaintiff was warned that if he failed to timely comply with its provisions, the action would be dismissed pursuant to rule 41(b) of the Federal Rules of Civil Procedure.

More than four months have passed since the Court issued its screening order and Plaintiff has not returned the service packets. The Court docket reflects that mail sent to Plaintiff has been returned as undeliverable. Having failed to notify the Court of a new address, it appears that Plaintiff has abandoned his claims.

1    Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co.
2  v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the
3  duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her
4  current address and to comply with the Court's orders in a timely fashion.  This Court does
5  not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears
6  the burden of keeping the court apprised of any changes in his mailing address." Carey v.
7  King, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of
8  his new address constitutes failure to prosecute.

9    Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
10 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
11 move for dismissal of an action."  In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31
12 (1962), the Supreme Court recognized that a federal district court has the inherent power to
13 dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b)
14 of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover,
15 in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
16 without notice or hearing.  Id. at 633.

17    In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
18 the Court must weigh the following five factors: "(1) the public's interest in expeditious
19 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
20 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
21 availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (quoting Henderson v.
22 Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the
23 imposition of sanctions in most cases, while the fourth factor cuts against a default or
24 dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."
25 Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

26    Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure
27 to keep the Court informed of his address prevents the case from proceeding in the
28 foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor

1 requires the Court to consider whether a less drastic alternative is available. Without
2 Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in
3 Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing
4 sanctions would only find itself taking a round trip tour through the United States mail." 856
5 F.2d at 1441.

6 The Court finds that only one less drastic sanction is realistically available. Rule
7 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
8 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
9 the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint
10 and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
11 Federal Rules of Civil Procedure.

12 **IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules
13 of Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall
14 enter judgment accordingly.

15 DATED this 31st day of August, 2006.

Stephen M. McNamee
United States District Judge

- 3 -